Richard Lynn WRIGHT,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 84–225.

Supreme Court of Wyoming.

Aug. 1, 1985.

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, and James A. Horner, Jr., Student Intern, Wyoming Public Defender Program, Cheyenne, and Zane Moseley, Defender Aid Program, Laramie, for appellant; oral argument by James A. Horner, Cheyenne.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Roger Fransen, Asst. Atty. Gen., for appellee; oral argument by Roger Fransen.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

Appellant was charged with burglary in violation of § 6–3–301(a), W.S.1977, and pled guilty. At the time of sentencing, appellant asked to withdraw his guilty plea. The trial court denied his request and proceeded to sentence appellant. We affirm.

Appellant raises the following issues: "1. Whether the district court abused its discretion in denying Appellant's motion to withdraw his guilty plea prior to sentencing.

"2. Whether the sentence imposed was an abuse of the sentencing court's discretion."

Appellant was going fishing with his fourteen-year-old son. They stopped at a Seven-Eleven store. An owner of a car which had broken down across the freeway asked appellant if he could fix the car. Appellant checked it out and told him that he could not take care of the mechanical problem. Appellant then asked for a $15.00 fee as a service charge. The owner refused to pay because the car had not been fixed. Appellant drove the owner to the Seven-Eleven store, went back to the vehicle, broke a window and took a briefcase containing papers and a Colt .38 Special revolver. He was drunk, and he was angry at the owner of the vehicle for not paying the service charge.

This incident occurred May 12, 1984. A criminal complaint and a criminal warrant were filed May 15, 1984. A public defender was appointed to represent appellant on May 16. A waiver of preliminary hearing was filed with the court on May 17. The prosecutor had told appellant that it would be ten days from the initial hearing to the preliminary hearing. Because of the waiver, the preliminary hearing was not held. At the arraignment, on June 6, 1984, appellant told the judge that he felt there had been delay in bringing him before the court because he had not gone to a preliminary hearing. His attorney informed the court that the preliminary hearing had been waived. Appellant pled guilty.

At the sentencing hearing, appellant sought to withdraw his plea of guilty be-

cause a preliminary hearing had not been held, contending that the hearing had been waived without his permission. The judge ordered a transcript prepared of the arraignment stating that if appellant was lying about what occurred, he would get four or five extra years. The sentencing hearing resumed on July 24, 1984. At that time appellant contended that the only reason he had pled guilty was that the prosecutor had told him that, if he did not plead guilty, his fourteen-year-old son would be tried as an adult and put in prison as an accessory. He stated that during the arraignment he had asked his wife if his son was still in town, and when she said yes, he then pled guilty.

The trial court found that appellant did not satisfy his burden of establishing his claims concerning waiver of his preliminary hearing and his plea of guilty. With respect to the waiver of the preliminary hearing without his permission, the court questioned the parties and counsel involved; and it appeared that appellant had told the deputy sheriff he wanted to "get this over" and would waive his preliminary hearing in order to do so, and that appellant requested his attorney waive the preliminary hearing to expedite his appearance in court. The State informed the court that it had contemplated bringing charges against appellant's son but determined not to do so, that no threats had ever been made, and that there was very little discussion of the son. Appellant had never been denied opportunities to contact the court. The court conceded it should not have threatened appellant with a longer sentence and affirmed that it would not sentence out of "spite." Appellant's request to withdraw his guilty plea was refused, and he was then sentenced to a period of not less than three nor more than ten years.

## WITHDRAWAL OF GUILTY PLEA

■ There is no absolute right to withdraw a plea of guilty before sentencing. "Denial by the district court is within its sound discretion and there must be a plausible reason for withdrawal." *Ecker v. State*, Wyo., 545 P.2d 641, 642 (1976). See also, *Hanson v. State*, Wyo., 590 P.2d 832 (1979). We have equated "a plausible reason for withdrawal" with the federal standard of a fair and just reason for withdrawing the plea. *Schmidt v. State*, Wyo., 668 P.2d 656 (1983). The defendant has the burden to establish good grounds for a withdrawal. *Osborn v. State*, Wyo., 672 P.2d 777 (1983).

At the sentencing hearing, appellant sought to withdraw his guilty plea because a preliminary hearing had not been held and because his guilty plea was based on his desire to protect his son from harassment. He contends that this conduct constituted a "plausible" reason for withdrawing his plea. There is no contention that the arraignment did not meet the standards of Rule 15, W.R.Cr.P. The trial judge made a comprehensive showing that appellant understood the consequences of his plea and the constitutional rights available to him at trial. The court established that the plea was not being made as a result of coercion, threats, fear or a promise of favorable treatment; it was voluntary and of appellant's own free will without any underlying bargain. After the plea of guilty was entered, the court established a factual basis for the guilt. Thereafter the court asked the defendant about his children. Appellant did not respond, but an unidentified observer related that the child was still present in Rawlins. Thus, appellant had entered his guilty plea before knowing the whereabouts of his son.

Appellant did not satisfy his burden of establishing good grounds or a valid reason for withdrawal of the plea. He does not contend that he was innocent nor that he has a meritorious defense. He contends that he entered the plea because of a desire to protect his son from prosecution. This contention is not supported by the record or the actual proceedings before the court. The court did not abuse its discretion in refusing to allow appellant to withdraw his plea of guilty.

## ABUSE IN SENTENCING

■ Appellant contends that the sentence imposed was an abuse of the sentencing court's discretion. At the first sentencing hearing appellant stated that the preliminary hearing had been waived without his permission. The court continued the hearing in order to have a transcript prepared of the arraignment. At that time he stated:

"I'll tell you what I'm going to do. I'm going to have that transcript prepared, and if you're lying, you're going to get about four or five extra years,"

and:

"But I think I'll test the veracity of your statements, and if the record—the transcript of the arraignment proceedings does not bear out what you're telling me, I'm going to just fix a little time for you for coming into Court and playing this game."

When the sentencing hearing resumed, defendant asked:

"[D]oes this mean that now that you'll sentence me to that extra years that you told me you were going to give me?

"THE COURT: No, I don't think I can do that. I think I made a threat I shouldn't have made. Because if I do, the Supreme Court will construe it as vindictive measure on my part. And certainly it's not my purpose to sentence out of spite."

Appellant was sentenced to not less than three nor more than ten years. Section 6–3–301(b), W.S.1977, provides that "burglary is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than fourteen thousand dollars ($14,000.00), or both."

The standard concerning sentencing review is well established.

"[W]e are reluctant to review the length of a sentence imposed by a trial court if it is within the limits set by statute and * * * we will not disturb a sentence absent a clear abuse of discretion." *Ventling v. State,* Wyo., 676 P.2d 573, 574 (1984).

The determination of a sentence involves two considerations: the nature of the crime and its circumstances as well as the character of the criminal. Id. at 575. Appellant was drunk and outraged over a $15.00 debt which may or may not have actually been owed. In the company of his fourteen-year-old son he smashed the window of a vehicle and stole a briefcase. He did not know what was in the briefcase nor did he care; the act was one of vindictive destruction. Appellant had a fairly extensive prior criminal record with a felony conviction. Appellant's sentence was within the statutory limits. He claims that the judge's statement that he would not carry out his threat should not be allowed to work as a disclaimer of the prior threats. Appellant contends that the judge sentenced him out of spite because he gave the maximum sentence.

Appellant was not sentenced to a maximum term under the statute. He was given a sentence of three to ten years; he could have received a sentence of nine to ten years as well as a fine. We do not find an abuse of discretion in appellant's sentence. The judgment is, therefore, affirmed.