**Terry PEPER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 88–177.**

Supreme Court of Wyoming.

Jan. 26, 1989.

Leonard D. Munker, State Public Defender, and Michael J. French, Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., and Paul S. Rehurek, Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant, Terry Peper, pled guilty to the crime of escape from official detention. He appeals, challenging the district court's acceptance of the plea, denial of his motion to withdraw the plea, and the sentence imposed, claiming an abuse of discretion.

We affirm.

On November 1, 1984, after pleading guilty to forgery, appellant was sentenced to a term of 20 to 40 months in the Wyoming State Penitentiary. The court suspended all but 30 days of the sentence and placed him on probation for 40 months. Over the next two years, repeated violations of the conditions of appellant's probation resulted in three separate instances of revocation and subsequent reinstatement of that probation. Upon his fourth violation, the court, attempting to alter this pattern, ordered appellant to participate in the residential community corrections program offered by Community Alternatives of Greybull, Inc. in Greybull, Wyoming.

On August 8, 1987, appellant left the center without the permission of authorities in charge, stole a car, and fled to California where he was apprehended and returned to Wyoming. At his arraignment, appellant entered a plea of not guilty to the charge of escape from official detention. The State later charged him with the unauthorized use of a motor vehicle. Thereafter, pursuant to a negotiated plea agreement, appellant changed his plea to guilty on the escape charge. The district court sentenced appellant to a term of two to four years, to be served concurrently with the time remaining on his forgery sentence.

Appellant contends that his guilty plea must be vacated because the court failed to adequately inform him of the nature of the charged offense and to determine a factual basis for his plea, as required by Rule 15(c)(1) and (f), W.R.Cr.P.[1] Appellant reasons that, since the sentencing court ordered him to submit to the supervision of the community correctional facility as a condition of his probation, he was not in official detention as that term is defined by statute. Therefore, he argues, his act of leaving the facility was not escape from detention. He contends that the district court failed to make him aware of a different interpretation before accepting his guilty plea, and that amounted to a failure to adequately inform him of the nature of the charge against him and find a factual basis for his plea. He concludes that without a factual basis for his plea, the district court erred when it denied his motion to withdraw that plea.

■ Appellant's argument concerning the validity of his plea is based on an incorrect construction of the statute under

---

1. Rule 15, W.R.Cr.P. provides in pertinent part:
   "(c) *Advice to defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
   "(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; * * *

   \* \* \* \* \* \*
   "(f) *Determining accuracy of plea.*—Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

which he was charged. That statute, W.S. 6–5–206, provides that "[a] person commits a crime if he escapes from official detention." W.S. 6–5–201(a)(ii) defines "official detention" as

"arrest, detention in a facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or *detention in any manner and in any place for law enforcement purposes. 'Official detention' does not include supervision on probation or parole or constraint incidental to release on bail.*" (emphasis added)

■ Appellant's argument ignores the provisions of Wyoming's Adult Community Corrections Act, W.S. 7–18–101, et seq., effective May 23, 1985. The legislature intended the act to encourage development of community correctional programs which could aid in reintegrating low-risk adult felons into society. 1985 Wyo.Sess.Laws, ch. 219, § 2. Accordingly, a comprehensive review of the language of the act demonstrates that the legislature intended these programs to provide a rehabilitative, supervisory control over the participants, different in kind from both the relative freedom of probation and the highly restrictive constraints associated with detention in the state penitentiary. We perceive a legislative intent to provide a "halfway house" between prison and probation. W.S. 7–18–108 provides that "the sentencing court may, *as a condition of probation,* order that the offender participate in a residential or nonresidential community correctional program during all or any part of his term of probation." (emphasis added) Although participation in these programs is imposed as a condition of probation, such placement falls within the definition of "official detention" provided in W.S. 6–5–201(a)(ii). W.S. 7–18–112 clearly expresses the legislature's intent that escape from a community corrections facility be governed by W.S. 6–5–206. W.S. 7–18–112 provides:

"(a) *An offender* or an inmate *is deemed guilty of escape from official detention* and shall be punished as provided by W.S. 6–5–206(a)(i) *if, without proper authorization, he:*

"(i) *Fails to remain* within the extended limits of his confinement *or to return* within the time prescribed *to a community correctional facility* to which he was assigned or transferred; or

"(ii) Being a participant in a program established under the provisions of this act he leaves his place of employment or fails or neglects to return to the community correctional facility within the time prescribed or when specifically ordered to do so." (emphasis added)

The statutory language conveys the notion that the limits on personal freedom, normally associated with penal confinement, are largely absent in these community facilities. While these "limits of * * * confinement" have been liberally "extended" in such facilities, the language of the statute also establishes that the few restrictions imposed upon residents of these correction centers are to be considered confinement. Therefore a breach of such restrictions must be considered a failure "to remain within the extended limits of his confinement." We hold, therefore, that participation in a community correctional program does not constitute the "supervision on probation or parole" that would preclude prosecution for the offense of escape from official detention.

■ The trial court in this case rejected appellant's erroneous reading of the statutes. A correct reading of the applicable statutes demonstrates that appellant was informed of the nature of the offense to which he pled guilty. The district court must be satisfied that the appellant possessed an understanding of the law and its relation to the facts of his case. *Sanchez v. State,* 592 P.2d 1130, 1135 (Wyo.1979); *York v. State,* 619 P.2d 391, 397 (Wyo. 1980). The court complies with the intent of Rule 15, W.R.Cr.P. if a defendant is not misled into the waiver of substantial rights which attends a guilty plea. In some circumstances the court may discharge this obligation by simply reading the indictment or information to the defendant and permitting him the opportunity to ask questions. *Bryan v. State,* 745 P.2d 905, 907–8 (Wyo. 1987); *United States v. Dayton,* 604 F.2d

931, 938 (5th Cir.1979) (discussing Rule 11, F.R.Cr.P. from which our Rule 15 was derived). In other instances, however, it may be necessary to explain the elements of the crime and define complex legal terms. The actions required of the district court in any particular case depend largely on whether the elements of the offense are difficult to understand, considering both their complexity to the average person with no legal training and the sophistication of the individual defendant. *Bryan,* 745 P.2d at 907–8; *Dayton,* 604 F.2d at 938. In addition to this explanation of the charges, the court must also determine that the facts a defendant admits constitute the offense with which he is charged. Such a requirement is designed to protect those defendants who, although pleading voluntarily and with an asserted understanding of the charge, fail to realize that their conduct does not fall within that charge. *McCarthy v. United States,* 394 U.S. 459, 466–67, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969) (discussing Rule 11, F.R.Cr.P.).

Prior to accepting appellant's guilty plea, the district court heard testimony in which appellant acknowledged:

1. He was charged with escape.

2. Pursuant to a motion for sentence reduction in a prior matter, the district court in Campbell County had ordered him to the correctional facility at Greybull, rather than to the state penitentiary.

3. On August 8, 1987, he left that facility and this state with the intention to never return to the facility.

4. He had no permission to depart from the community corrections center and the state.

Viewing the arraignment proceedings as a whole, we hold the district court sufficiently described the charge to appellant and sufficiently made him aware of the specific conduct which led to that charge. By eliciting that he had, without permission, terminated his court-ordered residency at the community correctional facility and failed to return to that facility, the district court assured that appellant was not misled as to the nature of the charges against him.

The elements of the offense are quite simple, both conceptually and in the manner articulated by the legislature. The record shows appellant had some college level education, and he had something more than a passing exposure to the courtroom and the plea taking process. We are satisfied that appellant was sufficiently intelligent and sophisticated to understand the nature of the charge against him with only minimal help from the district court.

■ Appellant also asserts that the district court erred in denying his motion to withdraw his plea. To prevail on this point he must establish that such a denial was an abuse of discretion, and he must provide a "plausible reason" for granting the motion. *Chorniak v. State,* 715 P.2d 1162, 1164 (Wyo.1986). That is, he must show that fairness and justice require the withdrawal of his guilty plea, as would be the case where the record demonstrates that the plea was made in the face of a meritorious defense or continued assertions of innocence. *Wright v. State,* 703 P.2d 1102, 1104 (Wyo.1985). Such is not the case here where appellant premises his alleged innocence, and/or his alleged defense, solely on an erroneous interpretation of the statute under which he was charged. Furthermore, this misinterpretation was conceived after the court had properly informed him of the charge and had determined that he pled voluntarily. Although the grant or denial of a motion to withdraw a guilty plea is a reviewable exercise of the district court's discretion, there can be no abuse of that discretion where the record shows that the plea was voluntary and made with a full understanding of the consequences, and where the trial court found a factual basis for that plea. *Schmidt v. State,* 668 P.2d 656, 660 (Wyo.1983). We hold the district court properly denied appellant's motion to withdraw his plea.

■ Finally, appellant contends that the district court abused its discretion in imposing a sentence of two to four years, to be served concurrently with a prior sentence for forgery. We will not disturb a sentence unless there has been an abuse of discretion or some procedural deficiency

which prejudiced the appellant and which offends our sense of justice and fair play. *Hicklin v. State,* 535 P.2d 743, 751, 79 A.L.R.3d 1050 (Wyo.1975). Here, appellant asserts no procedural impropriety. Therefore, absent a clear abuse of discretion, we will not set aside appellant's sentence if it is within the limits set by statute for the particular offense. *Wright,* 703 P.2d at 1105. Since the relevant statute sets a maximum term of ten years, appellant's sentence is within permissible limits.[2] Furthermore, there has been no abuse of discretion unless the trial court's acts exceed the bounds of reasonableness. *Duffy v. State,* 730 P.2d 754, 757–58 (Wyo.1986). Every sentencing decision involves two important considerations: the nature of the crime and the character of the criminal. *Wright,* 703 P.2d at 1105. Escape is a serious offense which substantially undermines this state's efforts to protect its citizens by rehabilitating those who threaten their welfare and safety. Appellant left the state and presumably would not have returned had he not been captured in California. Additionally, though offered numerous opportunities for probation and this final opportunity to participate in a community correctional program, appellant's efforts to redeem and rehabilitate himself have been decidedly unsuccessful. In light of these factors, we cannot find an abuse of discretion in the sentence imposed upon him.

Accordingly, we affirm the judgment and sentence of the district court.

**2.** Section 6–5–206(a)(i) makes "escape from official detention" a felony with a maximum penalty of ten years if that detention resulted from a felony conviction.