**Billy Joe CRAIG, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 90–105.

Supreme Court of Wyoming.

Jan. 23, 1991.

---

Leonard D. Munker, State Public Defender, Steven E. Weerts, Sr. Asst. Public Defender, and David M. Gosar, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, and Larry D. Saunders, Student Intern, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

After Billy Joe Craig (Craig) violated his conditions of probation on three separate occasions, a district court reinstated his original three to five year sentence for grand larceny. That court refused to credit Craig's original sentence with the days he had been in custody after the first and second times he had failed to comply with probation requirements. Craig questions whether a court may refuse to credit his original sentence with the days he spent in custody before his original sentence was reinstated. Craig claims that those days in custody must be credited to his original sentence. We agree.[1]

FACTS

Craig stole a vehicle on June 20, 1987, for which he was arrested on July 7, 1987. After spending fourteen days in jail, he pled guilty to grand larceny on July 20, 1987. He was sentenced to three to five years in the state penitentiary but his jail time was suspended on the condition that he complete five years of probation. About a year later, on May 14, 1988, Craig violated his probation when he escaped from the Sheridan County, Wyoming jail while awaiting an initial appearance on a shoplifting charge. Because of his admitted escape, his probation was revoked for the first time on June 2, 1988 and he was ordered jailed at the Sheridan County jail for ninety days. On July 28, 1988, after fifty-seven days in the Sheridan County jail, the balance of Craig's ninety day jail term was suspended so Craig could be admitted to the Pine Ridge Hospital for alcohol dependency treatment. Craig was admitted to Pine Ridge Hospital on July 29, 1988 and discharged thirty-nine days later on September 5, 1988.

On March 6, 1989, Craig's probation was revoked for the second time when he pled guilty to a separate offense of issuing forged checks. At that time, he was sent to the state penitentiary. After 199 days in the penitentiary, Craig's motion for sentence reduction was granted and his prison sentence was suspended. He was given yet another chance and placed on probation on September 20, 1989.

On March 6, 1990, Craig was once again arrested after violating his probation by leaving Wyoming without permission. On March 21, 1990, the district court revoked

---

**1.** In agreement, we still wonder whether it will make much difference unless Craig undertakes a change in lifestyle from what this record demonstrates. He has previously been given more than the benefit of the doubt.

Craig's probation for the third time. The district judge reinstated Craig's original three to five year sentence and ordered that Craig not receive credit for his previous time of incarceration.

## DISCUSSION

In his appeal, Craig claims his incarceration time should be credited against his sentence. He argues that the district court's decision to reinstate his original sentence without crediting the time he already served violates pertinent case law regarding the constitutional requirement that all incarceration time be credited against a sentence. *See Ramirez v. State*, 800 P.2d 503 (Wyo.1990); *Prejean v. State*, 794 P.2d 877 (Wyo.1990); *Yates v. State*, 792 P.2d 187 (Wyo.1990); *Renfro v. State*, 785 P.2d 491 (Wyo.1990); and *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We agree.

In *Prejean*, 794 P.2d at 877, we held that an individual who was again "incarcerated following a violation of parole, [was] entitled to credit for time that he served as a residential inmate in a community correctional facility." Just as the individual is entitled to credit for time served in a community correctional facility, so too is an individual entitled to credit for time served in a county jail and in the state penitentiary. "In *Renfro v. State*, 785 P.2d 491 (Wyo.1990), this court held unequivocally that, when a sentence to a term of imprisonment is imposed, pre-sentence confinement must be credited against both the maximum term and the minimum term." *Prejean*, 794 P.2d at 878. Although *Renfro* addresses entitlement of credit for presentence confinement and *Prejean* addresses entitlement for credit for time served in a community correctional facility prior to reincarceration for a parole violation, *Renfro* and its progeny rest upon a much deeper foundation. Central to those cases which radiate from *Renfro* is the double jeopardy constraint that punishment already exacted for an offense must be cred-

ited to the incarceration time occasioned by that offense. Accordingly, the time Craig spent in custody for the offense of grand larceny must be credited against the maximum and minimum terms to his original three to five year sentence.

We understand Craig to have spent 270 days in custody prior to the final reinstatement of his original sentence. The 270 days are calculated by adding the fourteen days he was held in the Sheridan County jail before he was sentenced, fifty-seven days in the Sheridan County jail after his probation was revoked the first time, and 199 days in the state penitentiary after his probation was revoked the second time.[2]

We do not include in the 270 days those days Craig spent in the Pine Ridge Hospital. In *Prejean*, 794 P.2d at 879, we indicated that in deciding whether time at a community correctional facility "counts" as time served when probation is revoked depends upon whether the defendant could be charged with escape from detention.[3] In this case, Craig was at the Pine Ridge Hospital for treatment of his anti-social behavior caused by alcohol. He agreed to participate in an alcohol dependency treatment as a condition for his second chance at probation. Craig was not in custody at the Pine Ridge Hospital because he could not be charged with escape from official detention had he left the hospital. Because escape from detention would not lie, the time at the Pine Ridge Hospital does not count as time to be credited against his sentence.

## CONCLUSION

The judgment of the district court is modified for release and parole consideration in order that 270 days be credited against the maximum and minimum terms of Craig's original three to five year sentence.

---

**2.** An excessive computation of credit in one of the interim sentences is not separately counted.

**3.** W.S. 6–5–201(a)(ii) provides that "'[o]fficial detention' does not include supervision on probation or parole or constraint incidental to release on bail."