Mario A. ROSALEZ, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 97–93.

Supreme Court of Wyoming.

March 27, 1998

Mario A. Rosalez, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The only question in this case is whether Mario Rosalez (Rosalez) is entitled to relief under WYO. R. CRIM. P. 35(a) from an illegal sentence because he was not given credit against his sentence for all time spent in confinement prior to the imposition of sentence. After his arrest and release on bond, Rosalez was arrested on a detainer from the State of Washington. That arrest interfered with his appearance before the county court, and his bond was revoked. A higher bond was set, and Rosalez was unable to post the higher amount. The detainer from the State of Washington was still in effect. The district court did not afford Rosalez credit for this time spent in confinement prior to the imposition of sentence, and Rosalez appeals from the denial of his motion seeking such credit. We hold that, under the circumstances reflected in the record, Rosalez was not entitled to the claimed credit. The Order entered in the district court denying sentence reduction is affirmed.

In the Brief of Appellant, filed by Rosalez on his own behalf, the issues that are asserted are:

1. Did the Judge err in denying Appellant[']s *MOTION FOR CREDIT FOR ALL JAIL TIME*, and *MOTION TO RECONSIDER MOTION FOR CREDIT FOR ALL JAIL TIME AS A MOTION TO CORRECT AN ILLEGAL SENTENCE*, as *MOTION FOR SENTENCE REDUCTION[ ]*?

2. Did the Judge err in failing to grant Appellant credit for Appellant[']s *total* jail time?

In the Brief of Appellee, filed by the State of Wyoming (State), the issue is said to be:

Did the district court properly deny appellant additional presentence confinement credit?

A Response to Brief of Appellee was filed by Rosalez, but it does not state any additional issues.

By a complaint and affidavit, filed in Natrona County on March 13, 1993, Rosalez was charged with committing indecent liberties against two minor children. He was released on a personal recognizance bond in the amount of $3,000.00, but the County Court required him to post a cash bond of $2,000.00. After posting the initial bail, Rosalez apparently went to Sheridan where, on March 24, 1993, he was arrested on a warrant from the State of Washington. This arrest caused him to miss a scheduled appearance in the Natrona County Court, and the court then issued a bench warrant for his arrest and return to Natrona County. The warrant was executed on March 30, 1993.

Rosalez' bond was not forfeited after his return to Natrona County, but a new bond was set in the amount of $15,000.00 cash or surety bond, which he was not able to post. The warrant from the State of Washington still was outstanding, and it would have prevented Rosalez' release from custody had he been able to post the new bond. On April 20, 1993, Rosalez entered a plea of guilty to one count of the Amended Information that had been filed, and on May 19, 1993, the district court sentenced him to a term of not less than two and one-half years nor more than six years in the state penitentiary. He was given credit against that sentence for three days previously served in the Natrona County Jail and six days served in the Sheridan County Jail. He was not given credit for any jail time after March 30, 1993.

On February 28, 1997, Rosalez filed a Motion for Credit for All Jail Time, asserting that he was endeavoring to correct an illegal sentence. He sought credit for an additional fifty-one days of presentence confinement. The district court entered its Order denying Rosalez' motion on the same day. Rosalez appeals from that Order.

■ Our decisions require that one who is convicted of a crime must be credited with time spent in presentence confinement, against both the minimum and maximum sentence, if the defendant was unable to post bond for the offense of which he was convicted. *Milladge v. State*, 900 P.2d 1156, 1160 (Wyo.1995); *Eustice v. State*, 871 P.2d 682, 684 (Wyo.1994); *Prejean v. State*, 794 P.2d 877, 878 (Wyo.1990); *Renfro v. State*, 785 P.2d 491, 498 (Wyo.1990); *Harley v. State*, 737 P.2d 750, 756 (Wyo.1987). We also have held that credit for presentence confinement need not be awarded to one whose confinement would have continued regardless of the posting of the required bond for the offense of which he was convicted. *Smith v. State*, 932 P.2d 1281, 1282 (Wyo.1997); *Wayt v. State*, 912 P.2d 1106, 1110 (Wyo.1996); *Wilson v. State*, 896 P.2d 1327, 1328 (Wyo.1995); *Van Duser v. State*, 796 P.2d 1322, 1325 (Wyo.1990); and *Duffy v. State*, 730 P.2d 754 (Wyo.1986). In *Jones v. State*, 602 P.2d 378 (Wyo.1979), we held that the presentence confinement was not due to indigency, but was required because of Jones' violation of the terms of his initial pretrial release. Stated another way, a defendant need not be granted credit for presentence confinement unless the confinement was solely due to his inability to post the bond set for the offense of which he was convicted. *Wilson.*

■ In his Motion for Credit for All Jail Time, Rosalez alleged that he was arrested in Sheridan on a warrant from the State of Washington and held without bail. He also asserted that, because of the detainer from the State of Washington, his bail on the charge for which he was convicted was raised

to an amount he could not meet. While these allegations are less than precise, they do make a clear record that Rosalez was not confined solely because of his inability to post the bond for the offense of which he was convicted. His case closely resembles *Smith* and *Duffy* in that regard. There was no error in the decision of the trial court to deny credit for presentence confinement after March 30, 1993.

The Order entered in the district court is affirmed.