Jeffrey L. **HALBLEIB**, Appellant (Defendant).

v.

The **STATE** of Wyoming, Appellee (Plaintiff).

No. 99–179.

Supreme Court of Wyoming.

May 31, 2000.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Ryan R. Roden, Assistant Appellant Counsel. Argument by Mr. Roden.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; T. Alan Elrod, Assistant Attorney General. Argument by Mr. Elrod.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

Appellant Jeffrey L. Halbleib (Halbleib) appeals from the district court's order revoking his probation and imposing a judgment and sentence of not less than two years nor more than four years in the Wyoming State Penitentiary. Halbleib was originally given probation with a suspended sentence, but he violated his probation. He spent eleven days in the Laramie County jail awaiting his probation revocation hearing. His sentence did not include credit for those eleven days. Halbleib contends Wyoming law and the constitutional prohibition against double jeopardy require credit for any post-sentence time served as long as an escape charge would lie upon an unauthorized departure from confinement.

We hold the district court did not abuse its discretion when it denied credit for time served in jail while awaiting a probation revocation hearing. In *Smith v. State*, 988 P.2d 39, 40 (Wyo.1999), we recently determined that a probationer is not entitled to credit for time served while awaiting a probation revocation hearing. Although Halbleib asks this Court to reconsider *Smith*, based on his double jeopardy argument, we decline to do so. This situation is distinguishable from the cases relied upon by Halbleib, and double jeopardy is not implicated when a probationer is awaiting a probation revocation hearing. Therefore, we affirm.

## ISSUE

In his initial brief, Halbleib presents the following statement of the issue:

Whether the trial court erred by denying Appellant credit for time served on his felony fraud sentence for time served in custody awaiting his probation revocation hearing?

The State counters with this issue:

Did the district court abuse its discretion in denying Appellant credit for time served

awaiting his probation revocation, given that this confinement would have persisted regardless of Appellant's financial ability to post bond?

In his reply brief, Halbleib addresses the State's reliance on *Smith*, which was published the same day Halbleib filed his initial brief:

> Whether *Smith v. State*, [988 P.2d 39 (Wyo.1999)], which fails to address the prohibition against multiple punishments for the same offense, should be applied to the present case?

## FACTS

On May 15, 1998, Halbleib pled guilty to felony check fraud, proscribed by Wyo. Stat. Ann. § 6–3–702(a)(b)(iii) (LEXIS 1999), and was sentenced to two to four years in the state penitentiary. The district court suspended that sentence and placed Halbleib on probation for four years. Halbleib violated his probation in several ways, and a petition for revocation of probation was filed in the district court. Halbleib was arrested in Pennsylvania and extradited to Wyoming. Halbleib was held in the Laramie County jail while awaiting his probation revocation hearing from his arrest on March 14, 1999, until the revocation hearing on March 25, 1999, eleven days. The district court revoked Halbleib's probation and ordered execution of his previously suspended sentence. After the district court said Halbleib would be given credit for time served awaiting this sentence, the prosecution asked the district court to disallow any credit for time served outside the original twenty-six days he spent in jail prior to being sentenced in May of 1998.[1] The district court complied with the State's request, and Halbleib appealed.

## STANDARD OF REVIEW

Trial courts have a broad discretion to determine the appropriate length and conditions of imprisonment in a variety of situations. We recognize that within the statutory limits, trial courts may give consideration to a wide range of factors relevant to their sentencing decisions, and that few of those factors are capable of precise quantification when translated into the final imposition of the term for incarceration. This court refrains from disturbing sentencing decisions absent a clear abuse of discretion.

*Jones v. State*, 771 P.2d 368, 371 (Wyo.1989). However, because of equal protection and double jeopardy concerns, we have held it is error for a trial court to refuse to credit a sentence for pre-sentence incarceration if the sole reason for the detention is the defendant's inability to post bond and for portions of sentences served as a condition of probation if a charge of escape will lie for leaving that detention. *See Rosalez v. State*, 955 P.2d 899, 900 (Wyo.1998), and cases cited therein (equal protection); *Prejean v. State*, 794 P.2d 877, 879 (Wyo.1990) (double jeopardy).

## DISCUSSION

In his initial brief Halbleib correctly noted that this Court had not addressed credit for time served while awaiting a probation revocation hearing. In his reply brief, he also correctly concedes that *Smith v. State*, 988 P.2d 39 (Wyo.1999), held a probationer is not entitled to credit for time served while awaiting his probation revocation hearing, but Halbleib argues the double jeopardy issue must not have been raised in *Smith* because we did not address the issue in the opinion.

The double jeopardy clause, found in the Fifth Amendment to the United States Constitution and at Article 1, § 11 of the Wyoming Constitution, protects an accused from multiple punishments for the same crime. *Amrein v. State*, 836 P.2d 862, 864 (Wyo.1992). Halbleib claims the trial court's refusal to credit time served while awaiting a probation revocation hearing increases the length of the previously suspended sentence, thereby violating the double jeopardy clause.

---

1. The State concedes in its brief that Halbleib was actually incarcerated for thirty-one days prior to being sentenced, not the twenty-six days allowed by the district court. Therefore, we must order a limited remand to adjust the sentence to allow thirty-one days credit for time served prior to sentencing.

In *Yates v. State*, 792 P.2d 187, 192 (Wyo. 1990), we noted:

> [T]he punishment for a violation of probation is the imposition of the sentence for which the defendant was placed on probation and, further, as a general rule, any sentence imposed and then suspended during a period of probation may not be increased because of the conduct that serves as the basis for the revocation. The punishment for that conduct is the revocation itself. If the revocation is justified by the commission of a separate crime, the defendant may be convicted of that crime and then sentenced to the full extent permitted by law for it.

In both his initial and reply briefs, Halbleib relies on *Craig v. State*, 804 P.2d 686 (Wyo.1991), to argue the district court's failure to credit his sentence violates the double jeopardy clause. However, *Craig* is distinguishable from the case at bar. In *Craig*, the trial court revoked Craig's probation and reinstated his sentence twice, resulting in his incarceration for the original charge for a period of ninety days in the Sheridan county jail and 199 days in the Wyoming State Penitentiary. *Id.* at 687. With the following holding, we reversed the trial court:

> In *Prejean*, 794 P.2d at 877, we held that an individual who was again "incarcerated following a violation of parole, was entitled to credit for time that he served as a residential inmate in a community correctional facility." Just as the individual is entitled to credit for time served in a community correctional facility, so too is an individual entitled to credit for time served in a county jail and in the state penitentiary. "In *Renfro v. State*, 785 P.2d 491 (Wyo.1990), this court held unequivocally that, when a sentence to a term of imprisonment is imposed, pre-sentence confinement must be credited against both the maximum term and the minimum term." *Prejean*, 794 P.2d at 878. Although *Renfro* addresses entitlement of credit for pre-sentence confinement and *Prejean* addresses entitlement for credit for time served in a community correctional facility prior to reincarceration for a parole violation, *Renfro* and its progeny rest upon a much deeper foundation. Central to those cases which radiate from *Renfro* is the double jeopardy constraint that punishment already exacted for an offense must be credited to the incarceration time occasioned by that offense. Accordingly, the time Craig spent in custody for the offense of grand larceny must be credited against the maximum and minimum terms to his original three to five year sentence.
>
> We understand Craig to have spent 270 days in custody prior to the final reinstatement of his original sentence. The 270 days are calculated by adding the fourteen days he was held in the Sheridan County jail before he was sentenced, fifty-seven days in the Sheridan County jail after his probation was revoked the first time, and 199 days in the state penitentiary after his probation was revoked the second time.
>
> We do not include in the 270 days those days Craig spent in the Pine Ridge Hospital. In *Prejean*, 794 P.2d at 879, we indicated that in deciding whether time at a community correctional facility "counts" as time served when probation is revoked depends upon whether the defendant could be charged with escape from detention. In this case, Craig was at the Pine Ridge Hospital for treatment of his anti-social behavior caused by alcohol. He agreed to participate in an alcohol dependency treatment as a condition for his second chance at probation. Craig was not in custody at the Pine Ridge Hospital because he could not be charged with escape from official detention had he left the hospital. Because escape from detention would not lie, the time at the Pine Ridge Hospital does not count as time to be credited against his sentence.

*Craig*, 804 P.2d at 688 (footnotes omitted).

Contrary to the contention in Halbleib's brief, Craig received credit for the time he spent incarcerated *after* his probation was revoked, not while he was awaiting a probation revocation hearing. *Id.* The opinion does not address credit for time served while awaiting his revocation hearing, and clearly the district court did not grant that credit. *Id.*

Because Halbleib was not being held in jail as a condition of his probation, but rather as a result of the violation of his probation, this case is also distinguishable from those Wyoming cases which have held that a defendant is entitled to credit for time served if a charge of escape would lie. *See e.g., Prejean,* 794 P.2d at 878–79. Those cases hold a defendant is entitled to credit for confinement after the initial sentencing where that confinement both exposes him to a possible escape charge and is attributable to the conviction on the charge for which he was sentenced.

 This rule does not entitle a defendant to credit for confinement which is attributable to acts or omissions separate and apart from those for which he was originally convicted and received a sentence of probation. The time served while awaiting a revocation hearing is not directly attributable to a criminal charge. Rather, it is solely due to the violation of the conditions of probation.

For the probationer awaiting a probation revocation hearing, until the trial court revokes the suspension of the execution of his sentence, the probationer is not serving time on that sentence. The time spent awaiting the revocation hearing is not the "punishment" which implicates double jeopardy concerns. Rather, it is time spent on an administrative hold because of the alleged probation violation.

Upholding our decision in *Smith v. State,* 988 P.2d 39 (Wyo.1999), which included a period of confinement while awaiting a probation revocation hearing, we hold that incarceration pending probation revocation proceedings is qualitatively different from presentence incarceration and from incarceration which is a condition of probation. *See Rosalez,* 955 P.2d at 900; *Prejean,* 794 P.2d at 878–79. Therefore, Halbleib's incarceration pending probation revocation does not generate the equal protection or the double jeopardy concerns previously addressed by this Court.

## CONCLUSION

Neither the equal protection clause nor the proscription against double jeopardy require the district court to credit a probationer awaiting a revocation hearing for the time he is held awaiting that hearing. The trial court did not abuse its discretion when it refused to credit the eleven days Halbleib spent in jail on an administrative hold. Therefore, we affirm the judgment and sentence except for the limited remand mentioned earlier in the opinion.