2004 WY 9

**Kenneth KITZKE, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 03–83.

Supreme Court of Wyoming.

Feb. 17, 2004.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Senior Assistant Appellate Counsel; and James Worthen, Student Intern. Argument by Mr. Worthen.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Ryan M. Lance, Assistant Attorney General. Argument by Mr. Lance.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1]   This is an appeal from an order of the district court denying appellant Kenneth Ray Kitzke's motion for credit for time served. The solitary issue raised in this appeal is whether the district court abused its discretion in denying the motion. We affirm.

## FACTS

[¶ 2]   On February 28, 2000, Kitzke was sentenced to 51 months in prison in the state

of Washington for the unlawful manufacture of a controlled substance, marijuana. On May 31, 2000, pursuant to the Interstate Agreement on Detainers, proceedings were initiated to transfer Kitzke from Washington to Wyoming to stand trial on seven alleged drug violations. Pursuant to a plea agreement, Kitzke then pled guilty to one count of possession of marijuana and was sentenced to a term of not less than 96 months nor more than 120 months in the Wyoming State Penitentiary. This sentence was ordered to be served consecutively to any sentence Kitzke was presently serving in Washington.[1]

[¶ 3] Subsequently Kitzke was returned to Washington to serve his pending sentence in that state. On July 29, 2002, Kitzke's Washington sentence was reduced from 51 months to 8 months, apparently because several of Kitzke's prior convictions originally used to calculate his Washington sentence were "washed." In addition, the Washington court noted that Kitzke's 8–month sentence had "already been served." Evidently, on August 11, 2002, Kitzke was then transported to Wyoming to begin serving his Wyoming sentence.

[¶ 4] On October 7, 2002, Kitzke filed his Motion for Credit for Time Served. Therein Kitzke sought credit for the time he served in Washington in excess of 8 months. After hearing, the district court denied such motion. This appeal followed.

### STANDARD OF REVIEW

[¶ 5] A motion for credit for time served is subject to the sound discretion of the sentencing court. *Halbleib v. State,* 7 P.3d 45, 47 (Wyo.2000). We have a well-established standard for analyzing claims for abuse of discretion:

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. [*Griswold v. State,* 2001 WY 14, ¶ 7, 17 P.3d 728, ¶ 7 (Wyo.2001)]. "In the absence of an

abuse of discretion, we will not disturb the trial court's determination." *Id.* The burden is on the defendant to establish such abuse. *Trujillo* [*v. State* ], 2 P.3d [567] at 571 [(Wyo.2000) ].

*Huff v. State,* 2003 WY 63, ¶ 8, 69 P.3d 400, ¶ 8 (Wyo.2003) (quoting *Skinner v. State,* 2001 WY 102, ¶ 25, 33 P.3d 758, ¶ 25 (Wyo. 2001)).

### DISCUSSION

[¶ 6] Kitzke argues that the district court abused its discretion by denying credit for the extra 762 days he served in Washington. According to Kitzke, it is apparent that this situation was caused because the district court's judgment and sentence did not specify the time to be served in Washington, a lack of communication between Washington and Wyoming, and Washington's computation error on his Washington sentence. Therefore, since none of these causes can be personally attributed to Kitzke, he asserts that he should be given credit for this "dead time" on his Wyoming sentence. Additionally, Kitzke contends that because his return to Wyoming was not conducted pursuant to any statutorily mandated method, but instead the "comity" between the states, he should not be forced to bear the burden of the mistake of the sovereigns, Washington and Wyoming. Hence, Kitzke proffers that the rule of lenity should be applied.

[¶ 7] In response, the State argues that Kitzke's motion was properly denied by the district court given the fact that Kitzke did not meet the requisite burden of proof because he submitted only hearsay and unauthenticated documents in support of his motion. Additionally, the State contends that under Wyoming law the district court is not required to credit Kitzke's sentence under the circumstances. Finally, the State asserts that Kitzke's position rests on the notion that Wyoming was obliged to exercise powers in Washington which it did not possess, that Wyoming had nothing to do with the miscalculation of Kitzke's Washington sentence, and requiring the district court to reduce

---

1. Kitzke previously raised on appeal claims of ineffective assistance of counsel regarding his original plea and sentence. *See Kitzke v. State,* 2002 WY 147, 55 P.3d 696 (Wyo.2002).

Kitzke's Wyoming sentence would be wholly unreasonable.

[¶ 8] Review of the record on appeal discloses that the district court had valid concerns regarding the reliability of the evidence submitted by Kitzke in support of his motion. The Washington amended warrant of commitment simply stated that Kitzke's sentence in Washington for the unlawful manufacture of marijuana had been reduced to a term of 8 months which had "already been served." This document provided no information that would have allowed the district court to arrive at the amount of credit Kitzke was requesting. Similarly, the Washington amended judgment and sentence indicated that several prior convictions used to determine Kitzke's original Washington sentence were "washed," but gave no thorough explanation for the sentence reduction. The Washington court documents were not in any way verified, certified, or authenticated. Instead, these documents were merely supported by a letter of a Washington attorney, which clearly constituted hearsay. Finally, nothing was presented by Kitzke in support of his motion from the Washington Department of Corrections that established that Kitzke had been held for 762 days too long on his Washington sentence. Thus, we find that Kitzke failed to present sufficient proof to establish that he was entitled to credit for time served.

[¶ 9] Moreover, and perhaps more significantly, Wyoming law does not require credit for time served under the circumstances in this case. In *Jennings v. State*, 4 P.3d 915, 923 (Wyo.2000), we held that in relation to presentence confinement, a defendant was entitled to credit against a particular sentence only if that confinement was due to the failure to post bond on the charges for which that sentence was imposed and that there was no entitlement to credit for presentence confinement that would continue despite the ability to post bond on such charges. We stated:

> Under Wyoming law, as established in these cases, Jennings is entitled to credit for presentence time served in the state of Washington if he was being held solely because of his financial inability to post bond on the Wyoming escape charge. He is not entitled to credit for time served if he would have remained in custody regardless of his ability to post bond on the Wyoming escape charge.

Looking first to Jennings' claim that he is entitled to credit from October 3, 1995, we find nothing in the record to indicate that his confinement in Washington as of that date was in any way related to the Wyoming escape charge. The document which Jennings cites as support for his claim, the King County booking sheet, indicates that Jennings was arrested in the state of Washington on October 3, 1995, on charges unrelated to the Wyoming escape charge. In fact, the booking sheet makes no reference to Wyoming in any respect. The presentence investigation report confirms that Jennings was charged with burglary in Seattle, Washington, on October 3, 1995, an offense wholly unrelated to the escape charge in Wyoming. Because from the record before us it appears that Jennings' confinement in Washington beginning on October 3, 1995, was not for the charge of escape, we conclude that he is not entitled to credit on his escape sentence from that date.

[¶ 10] We clarified our holding in *Jennings* in relationship to postsentence confinement in *Halbleib*, 7 P.3d 45. In that case, this court held that a defendant was entitled to credit against a particular sentence if: (1) the reason for presentence confinement was his failure to post bond on the charges to which the sentence pertained; (2) postsentencing confinement was ordered as a condition of probation granted in relation to these charges and an escape charge would lie for leaving that confinement without authorization; or (3) time had been served on those underlying charges, following the revocation of probation and prior to reinstatement of that probation. Thus, a defendant is not entitled to credit against a particular sentence if the confinement for which he seeks credit is attributable to something other than the charges for which that sentence was imposed.

[¶ 11] Both before and after the imposition of his Wyoming sentence, Kitzke was

incarcerated by the state of Washington on his Washington sentence, which remained in effect until altered by the state of Washington. That confinement cannot in any way be attributed to the Wyoming sentence for which Kitzke seeks credit. Kitzke would have continued to serve his Washington sentence until it was modified regardless of the existence of his Wyoming sentence. Accordingly, applying our holdings in *Jennings* and *Halbleib*, the district court was not required to credit the Wyoming sentence because the confinement for which he seeks credit is purely attributable to the miscalculation of his Washington sentence by the state of Washington. That period of confinement has absolutely nothing to do with his imposed Wyoming sentence.

[¶ 12] Finally, Kitzke argues that we should adopt language found in a Massachusetts case. Kitkze contends that case sets forth a bright-line rule of law that, as a matter of fundamental fairness, a prisoner is entitled to credit for time served under an erroneous conviction when the prisoner would otherwise face dead time and where such an award would not clearly result in double credit nor allow the prisoner to "bank time" against future offenses. *See Gardner v. Commissioner of Correction*, 56 Mass.App. Ct. 31, 775 N.E.2d 426 (2002) (discussing *Manning v. Superintendent, Mass. Correctional Inst., Norfolk,* 372 Mass. 387, 361 N.E.2d 1299 (1977) and *Brown v. Commissioner of Correction*, 336 Mass. 718, 147 N.E.2d 782 (1958)).

 [¶ 13] Initially, we note that this argument is raised by Kitzke for the first time on appeal. This court has long held that issues not brought before the district court may not be reviewed by this court upon first impression on appeal. "We 'strongly adhere to the rule forbidding us to "consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court," except for those issues which are jurisdictional or are fundamental in nature.' " *Donaghy v. Board of Adjustment of City of Green River*, 2002 WY 150, ¶ 11, 55 P.3d 707, ¶ 11

(Wyo.2002) (quoting *Bredthauer v. TSP*, 864 P.2d 442, 446 (Wyo.1993) and *Oatts v. Jorgenson*, 821 P.2d 108, 111 (Wyo.1991)). We will not abrogate this rule now. In any event, even if the statements found in *Gardner* stand for the rule of law proffered by Kitzke,[2] we reject any such holding as it is in direct opposition to established Wyoming law and our own expressed reasoning in this case.

## CONCLUSION

[¶ 14] We find no abuse of discretion. We, therefore, affirm the decision of the district court on Kitzke's motion for credit for time served.

---

2. It should be noted that the court in *Gardner* ultimately held that because his Massachusetts sentences did not commence as a result of the 1992 reversal of his Rhode Island sentence, Gardner was not entitled to the relief sought.