Michael Thomas EUSTICE,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–176.

Supreme Court of Wyoming.

March 25, 1994.

Michael Thomas Eustice, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director of Prosecution Assistance Program, and Stephanie A. Materi, Student Intern for Prosecution Assistance Program, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Michael Thomas Eustice appeals from the district court's order denying his motion to vacate or correct an illegal sentence.

We reverse and remand.

Appellant raises the following issues:

I. Whether the trial court erred and abused its discretion, and violated appellant's right to due process, when it sentenced appellant to terms of incarceration of from one year and 114 days to three years and 114 days on charges of misdemeanor battery.

II. Whether the trial court erred and abused its discretion when it failed to grant appellant credit against his sentences for all time already served by appellant prior to sentencing.

Early in the morning on July 22, 1990, Appellant discovered his girlfriend with another man. Appellant violently beat the man, dislodging two of his teeth. Afterwards, he transported his girlfriend back to her apartment, forced her to bathe while he pounded her head against the bathroom wall, led her to his car, and drove with her from Sheridan, Wyoming, to South Dakota, continuing to beat her along the way. The next day, South Dakota officials located Appellant and his girlfriend, and they notified the Sheridan police.

After initially pleading not guilty, Appellant entered into a plea bargain and pleaded guilty to two counts of misdemeanor battery in violation of WYO.STAT. § 6-2-501(b) (1988), one count for each of his victims, and to one count of kidnapping in violation of WYO.STAT.

§ 6-2-201(a)(ii), (b)(i), and (c) (1988). In accordance with the plea bargain, the district court sentenced Appellant to serve two consecutive terms of six months each in the Sheridan County jail for the battery counts. After awarding a credit for the presentence confinement, the district court suspended the remainder of the battery sentences pursuant to WYO.STAT. § 7-13-302(a)(i) (1987). The district court deferred further proceedings on the kidnapping count and placed Appellant on probation for a period of five years pursuant to the terms of WYO.STAT. § 7-13-301(a) (1987).[1]

On August 17, 1992, the State filed a motion to revoke Appellant's probation, alleging that Appellant had committed several violations of his probation conditions, including another battery against the woman who was a victim in this case. Appellant admitted that he had violated his probation conditions. The district court revoked Appellant's probation pursuant to the provisions of WYO.STAT. § 7-13-301(c)(i) (Supp.1993) and ordered him to serve consecutive sentences in the Wyoming State Penitentiary on the kidnapping count and the two battery counts with each sentence to be for a period of not less than one year and 114 days nor more than three years and 114 days on each count and with credits of 114 days each being given off both the minimum and maximum sentences for the presentence time served. The district court later amended Appellant's sentence to direct that the battery and kidnapping sentences run concurrent with each other.

The State maintains that this Court lacks appellate jurisdiction because Appellant did not timely file his notice of appeal. The district court entered its order on July 16, 1993, denying Appellant's motion to vacate or correct an illegal sentence. Appellant filed his notice of appeal on August 19, 1993, thirty-four days after the date on which the order was entered.

■ Since Appellant filed his notice of appeal more than thirty days after the district court entered its order, the notice could not invoke our appellate jurisdiction. W.R.A.P.

---

1. Amended by 1991 WYO.SESS.LAWS ch. 77, § 1, effective July 1, 1991.

2.01. In order to ensure that Appellant is afforded equal protection in his presentence confinement credit award, we will consider the merits of his untimely appeal. *See Stice v. State,* 799 P.2d 1204 (Wyo.1990), *habeas corpus denied,* 838 F.Supp. 1548 (D.Wyo. 1993) (reaching the merits of an untimely criminal appeal in order to prevent a denial of due process and to ensure effective assistance of counsel).

■ The State concedes that Appellant's battery sentences were illegal because, at the time of his post-revocation sentencing, Appellant had already been in presentence confinement and on probation for a period which totaled more than the length of the maximum sentences for the misdemeanor batteries. *See Kahlsdorf v. State,* 823 P.2d 1184 (Wyo. 1991) (citing the predecessor to WYO.STAT. § 7–13–302 (1987)) (sentencing court may not impose probation greater in length than the maximum sentence available for the underlying offense). We agree and hold that the district court erred when it imposed Appellant's post-revocation battery sentences.

■ Appellant contends that the district court abused its discretion by erroneously failing to award the correct amount of presentence confinement credit toward his kidnapping sentence. We agree.

■ The following colloquy occurred at the sentencing hearing:

[THE COURT:] So, it's the judgment and sentence of this Court that the probation is not appropriate in your case, Mr. Eustice. I don't know how much time you have spent in jail awaiting this charge and in jail on the other two misdemeanors, and then you did some time for Johnson—or for Campbell County, I guess, on another charge that was the underlying basis, so what I'm going to do, since I don't have that information before me, I'm going to make your sentence a term of not less than one—I think that's a minimal sentence to the penitentiary, Mr. Eustice—nor more than three years. That will be—however, I want the one year plus whatever time that you've already spent in jail. I think I have to give you credit for the time served, but I don't know what that time is so what

I'm doing is whatever time you have served plus one year for the minimum sentence for the time served plus three years for the maximum sentence.

Do you understand that, counsel?

[PROSECUTOR]: Yes, your Honor.

THE COURT: I'm not going to impose any fine. You know, obviously you don't have the funds to pay any fine with.

I'm not going to impose any Victim's Compensation because obviously you don't have the funds to pay that.

The written judgment and sentence fixed Appellant's presentence confinement credit at 114 days.

Our established rule is that, on appeal, we do not set aside a sentence if it is within the legislatively mandated minimum and maximum terms in the absence of a clear abuse of discretion.

*Betzle v. State,* 847 P.2d 1010, 1024 (Wyo. 1993) (citing *Carey v. State,* 715 P.2d 244 (Wyo.), *cert. denied,* 479 U.S. 882, 107 S.Ct. 270, 93 L.Ed.2d 247 (1986)). A defendant who has been confined prior to being sentenced because of his or her inability to post bail is entitled to receive a credit against the sentence for the amount of his or her presentence confinement. *Renfro v. State,* 785 P.2d 491, 498 (Wyo.1990). When a sentencing court erroneously fails to award a presentence confinement credit, a later denial of a motion to correct the illegal sentence constitutes an abuse of discretion. *Ramirez v. State,* 800 P.2d 503, 504 (Wyo.1990).

If a full credit were given for his presentence confinement, Appellant's maximum term would fall below the twenty-year maximum sentence which could be imposed for kidnapping, and his minimum term would be less than ninety percent of his maximum term. *Van Duser v. State,* 796 P.2d 1322, 1325 (Wyo.1990); WYO.STAT. § 7–13–201 (1987); § 6–2–201(a) and (c). While the precise amount of Appellant's presentence confinement cannot be determined from the record, the record does indicate that Appellant's confinement totalled more than 114 days.

The State concedes that Appellant was in custody from August 9, 1990, until November 14, 1990—ninety-eight days—awaiting his ar-

raignment, competency evaluation, and sentencing for the battery and kidnapping charges. Apparently, though, the State claims that Appellant is not entitled to receive a credit toward his kidnapping sentence for this initial confinement. We disagree. Since Appellant was confined in part because of the kidnapping charge and since the district court ordered his kidnapping and battery sentences to run concurrent with each other, Appellant is entitled to receive a credit toward his subsequent kidnapping sentence for those ninety-eight days. *Weedman v. State,* 792 P.2d 1388, 1389 (Wyo.1990).

The State also concedes that Appellant was in custody from August 24, 1992, until November 20, 1992—eighty-nine days—awaiting his probation revocation hearing. Appellant was thus entitled to receive a credit for at least 187 days toward his kidnapping sentence.

The record suggests that Appellant may have been confined for three additional periods before he was sentenced. First, according to the presentence investigation report, Appellant was "turned over to law enforcement authorities" in South Dakota on July 23, 1990, after being evaluated at a veterans' administration hospital. If Appellant were jailed in South Dakota because of the battery and kidnapping charges, he would be entitled to receive an additional credit toward his kidnapping sentence for that period of confinement. *But see Green v. State,* 776 P.2d 754 (Wyo.1989) (when confinement in Wyoming is caused by a sentence imposed in another jurisdiction, under the Interstate Agreement on Detainers the accused is not entitled to receive a credit toward the Wyoming sentence).

Second, according to Appellant, he surrendered to Sheridan police on August 7, 1990. The prosecutor stated that Appellant was arrested on August 8th. The sheriff's return indicates that Appellant was arrested on August 9th, the day of his initial appearance. Appellant would be entitled to receive an additional credit toward his kidnapping sentence if he spent any time in jail awaiting his initial appearance.

Third, the record shows that Appellant may have been confined at the detention center for some additional time prior to August 24, 1992, after he had finished serving his second battery term, awaiting his probation revocation hearing. Appellant would be entitled to receive a credit toward his kidnapping sentence for any additional time which he may have spent at the detention center.

Because the record demonstrates that Appellant was confined for at least 187 days, we hold that the district court abused its discretion by awarding a credit of only 114 days toward Appellant's kidnapping sentence. We remand this case to the district court for a finding of the precise amount of the presentence confinement award, if any, which Appellant is entitled to receive beyond 187 days. Pursuant to § 7–13–201, the written order established Appellant's sentence at not less than one year and 114 days nor more than three years and 114 days. W.R.Cr.P. 32(c)(2)(B). Thus, on remand, the district court's modified award of the presentence confinement credit must be made against the written sentence.

Under our current rules of criminal procedure, a sentence must contain both a finding of the amount of the presentence confinement and either an express award or an express denial of a credit for that presentence confinement. W.R.Cr.P. 32(c)(2)(E) & (F); *accord* W.R.Cr.P. 32(a)(3)(C) (similar requirement for contested information contained in the presentence investigation report). Despite our rules, these issues continue to plague our docket; therefore, we deem it appropriate to refine our standard procedure for awarding a presentence confinement credit. *See Renfro,* 785 P.2d at 497 n. 7.

█ If a sentence fails to comply with W.R.Cr.P. 32(c)(2)(E) or (F), the accused would be entitled to have a limited remand for a new award of a credit unless we have been able to fashion a correct award from the record. *Compare Mehring v. State,* 860 P.2d 1101 (Wyo.1993) (limited remand for written findings to correct violations of W.R.Cr.P. 32(a)(3)(C)(ii)); and *Rivera v. State,* 840 P.2d 933 (Wyo.1992) (remand not necessary when the Supreme Court can accomplish amendment to judgment and sentence). On remand and resentencing, "we assume appel-

lants will not be punished for exercising their constitutional right to appeal." *Griebel v. State,* 763 P.2d 475, 478 (Wyo.1988). For findings in future cases which involve a contested presentence confinement credit, we adopt the procedure recommended by the American Bar Association:

> (c) In reaching its findings on all controverted issues (standard 18–6.6(a)(i)), the sentencing court should employ the preponderance of the evidence standard and may treat the contents of a verified presentence report as presumptively accurate, provided, however, that material factual allegations made in the presentence report and effectively challenged by the defendant should not be deemed to satisfy the government's burden of persuasion unless reasonable verification of such information can be shown to have been made (standard 18–5.1(c)) or adequate factual corroboration otherwise exists in the sentencing or trial record.

III ABA STANDARDS FOR CRIMINAL JUSTICE Standard 18–6.4(c) at 448 (2d ed. Supp.1986). In future sentencing proceedings, if the accused has access to, and fails to contest, the information used by the sentencing court to fix the amount of the credit, we will presume, except in extraordinary cases, that the accused acknowledged the essential accuracy of that information. *Id.,* commentary at 456; *see Alexander v. State,* 823 P.2d 1198 (Wyo.

1992) (under W.R.Cr.P. 33(c)(2), the accused must be afforded an opportunity to contest the information used by the sentencing court).

We hope that in the future this simple procedure will eliminate unnecessary appeals, encourage accurate accounting, and ensure fair sentencing decisions. *See Renfro,* 785 P.2d at 498 n. 8 (clarity in the judgment and sentence is highly preferred); and ABA STANDARDS, *supra,* Standard 18–6.8 at 492 ("The court should assure that the record accurately reflects the facts upon which a credit for time served prior to sentencing will be computed").

Reversed and remanded with directions that Appellant's post-revocation battery sentences be vacated, that a finding be made as to the amount of time Appellant spent in presentence confinement, and that an order be entered awarding a credit for that presentence confinement time against Appellant's minimum and maximum kidnapping sentences which were defined in the written order.