Richard Lee SMITH, Jr., Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 98–336.

Supreme Court of Wyoming.

July 9, 1999.

Representing Appellant: James P. Castberg, Sheridan, Wyoming.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Robin Sessions Cooley, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellant Richard Smith, Jr. appeals from the trial court's denial of his motion to correct his sentence.

We affirm.

### ISSUES

Smith presents the following issues for our review:

#### ISSUE I

Was it arbitrary and capricious and an abuse of judicial discretion for the trial judge to deny Appellant credit against his sentence for time served while on release under bond and on house arrest pending Appellant's appeal, after trial judge had entered an order of release which provided that Appellant would be given credit for time served while on release under bond and on house arrest?

## ISSUE II

Was the Appellant entitled to receive credit against his sentence for time served while on release under bond and required to report twice weekly to the sheriff's department pending Appellant's appeal, as provided in order entered by trial judge?

## ISSUE III

Did the trial court commit reversible error in passing judgment and sentence on affirmation by Wyoming Supreme Court without the Appellant and his attorney being present in violation of the Appellant's rights as guaranteed by the United States Constitution and the Constitution of the State of Wyoming?

## FACTS

A jury convicted Smith on August 21, 1996, of one count of delivering a controlled substance. The trial court sentenced him on October 22, 1996, to serve a term in a state penal institution of not less than three years nor more than five years. Smith appealed from his conviction to the Wyoming Supreme Court and filed a motion for release pending his appeal. The trial court granted Smith's motion on March 10, 1997, and ordered that he be released subject to certain terms and conditions. Smith posted an appearance bond pursuant to the trial court's order and returned to Sheridan where he obtained full-time employment. He also enrolled in the house arrest program in accordance with the order. On August 1, 1997, Smith entered into a stipulation which, pending the outcome of his appeal, allowed him to report to the sheriff's office twice a week rather than continuing in the house arrest program.

Although at the hearing the trial court did not mention that Smith would receive credit for the time he served under house arrest, the order which was entered on March 10, 1997, included a provision to that effect. The subsequent order, which released Smith from the house arrest program and instead required him to check in with the sheriff's office, provided that all the terms and conditions contained in the trial court's March 10,

1997, order would remain in full force and effect.

The Wyoming Supreme Court affirmed Smith's conviction on May 29, 1998. *Smith v. State*, 959 P.2d 1193 (Wyo.1998). The trial court entered a Judgment and Sentence on Affirmation by Wyoming Supreme Court. Smith was taken into custody and transported to the Wyoming State Penitentiary before the Wyoming Supreme Court issued its mandate. He filed a motion to vacate the order and for his release, arguing that the trial court lacked jurisdiction to enter a judgment before the mandate was issued. The trial court agreed and vacated the judgment and sentence on June 12, 1998, releasing Smith from custody.

Smith filed a petition for a rehearing with the Wyoming Supreme Court. This Court entered a Mandate Affirming Judgment and an Order Denying Petition for Rehearing on June 25, 1998. The trial court subsequently entered a Judgment and Sentence on Affirmation by Wyoming Supreme Court which gave Smith credit for the time that he spent in the Sheridan County jail and in the Wyoming State Penitentiary. The trial court did not give Smith credit for the time that he spent under house arrest or for the time that he reported to the sheriff's office.

After filing various post-conviction motions, Smith ultimately filed a motion on September 18, 1998, to correct his sentence, arguing that he should have been given credit for the 143 days that he spent under house arrest and for the 335–day period that he reported twice a week to the sheriff's office. Without holding a hearing, the trial court denied Smith's motion. Smith appeals to this Court.

## STANDARD OF REVIEW

A defendant who was confined prior to being sentenced because he was not able to post bail is entitled to receive a credit against his sentence for the time that he spent in presentence confinement. *Eustice v. State*, 871 P.2d 682, 684 (Wyo.1994). When a sentencing court erroneously fails to award a presentence confinement credit, a later denial of a motion to correct the illegal

sentence constitutes an abuse of discretion. *Id.*

## DISCUSSION

### A. Presentence Incarceration Credit

In Smith's first two issues, he asserts that he was entitled to receive credit against his prison sentence for the 143 days that he spent under house arrest and for the 335–day period that he reported twice a week to the sheriff's office while his appeal from his conviction for delivering a controlled substance was pending. He confines his argument to asserting that the trial court's written order provided that he would receive credit against his sentence for the above specified periods of time and that the trial court should have credited his sentence in accordance with its order. The state responds that, in the oral pronouncement at the hearing, the trial court did not mention allowing such credit as a term or condition for Smith's release pending his appeal and that awarding credit for these periods of time would not be appropriate under Wyoming law. We agree with the state.

At the hearing on Smith's motion for release pending his appeal, the trial court outlined the terms and conditions for his bail. Although the trial court did not include the following provision in its oral pronouncement of those terms and conditions, it appeared in the written order:

> 2. Upon his release, the Defendant shall be subject [to] house arrest and shall sign a contract with the house arrest program and shall provide them with a minimum $500 deposit against the daily rate for the program and shall pay all costs of the program during his release, ***provided however, that in the event that the Defendant's appeal to the Wyoming Supreme Court is unsuccessful, the Defendant shall receive credit against his sentence for time served under house arrest.***

(Emphasis added.)

■ We have stated that, for the purpose of granting credit against a prison sentence, presentence confinement is "incarceration for inability and failure to post bond on the offense for which the sentence is entered and does not include revoked probation or other confinement that would continue to exist without regard for bond posting capabilities in [the] particular proceeding." *Renfro v. State*, 785 P.2d 491, 499 n. 8 (Wyo.1990); *see also Milladge v. State*, 900 P.2d 1156, 1160–61 (Wyo.1995). Smith's confinement does not fall within this definition because he did post bond and was released, albeit under specified terms and conditions, pending the outcome of his appeal.

■ Further support for our decision is found in our case law involving presentence incarceration credit for probationers. A probationer is entitled to receive presentence incarceration credit for a later violation of his probation if, while he was on probation, he was placed in an environment from which a charge of escape would lie as a result of his unauthorized departure. *Blouir v. State*, 950 P.2d 53, 55 (Wyo.1997); *Kupec v. State*, 835 P.2d 359, 363 (Wyo.1992); *Craig v. State*, 804 P.2d 686, 688 (Wyo.1991). Smith does not direct us to any authority which indicates that he could have been charged with escape while he was under house arrest or during the period when he reported to the sheriff's office. Instead, he argues that this law is not applicable because these cases involve probationers and he was not on probation during the periods at issue. This is a distinction without a difference. These cases merely demonstrate that we award presentence confinement credit for only the time that was served in an environment from which a charge of escape would lie for a person's unauthorized departure.

We acknowledge that the written order stated that, if Smith's appeal to the Wyoming Supreme Court was not successful, he would receive credit for the periods at issue; however, the trial court did not include presentence incarceration credit in its oral pronouncement at the hearing—nor did anyone else even mention it. We have held that, when a discrepancy exists between the oral pronouncement and the written order, the oral pronouncement prevails. *Lane v. State*, 663 P.2d 175, 176 (Wyo.1983). We are comfortable with our determination that the trial court did not intend to enforce the presen-

tence incarceration credit provision for two reasons. First, it omitted the provision from its final judgment and sentence. Second, the trial court denied Smith's motion to correct his sentence, agreeing with the prosecution's argument in its traverse which asserted that presentence incarceration credit for these periods would be in direct contravention to Wyoming law.

Wyoming law does not allow credit to be given for the periods of time at issue here. We, therefore, hold that the trial court did not abuse its discretion by refusing to give Smith credit for the time that he spent under house arrest and reporting to the sheriff's office.

### B. Absence When Trial Court Entered Final Judgment and Sentence

Smith claims that the trial court erred by entering the Judgment and Sentence on Affirmation by Wyoming Supreme Court without him and his counsel being present. He maintains that, pursuant to Wyo. Stat. Ann. § 7–11–202 (Michie 1997), he had the right to be present at every stage of the trial. The state counters that § 7–11–202 does not require that Smith or his attorney be present when the trial court enters a written order on affirmance of a conviction because entering the order is not a stage of the trial proceedings. Smith's argument is without merit.

Section 7–11–202 provides in pertinent part:

Except as otherwise provided by this section, the defendant shall be present at the arraignment, at every stage of the trial, including the impaneling of the jury, and the return of the verdict and at the imposition of sentence.

In this case, the trial court was merely entering an order upon the affirmance by this Court of Smith's conviction for delivering a controlled substance. The arraignment, trial, and sentencing had already occurred, and Smith's presence was not required when the trial court entered the written order acknowledging this Court's decision on the un-

derlying conviction. *See* § 7–11–202; W.R.Cr.P. 43.

Affirmed.