2008 WY 137

**Craig James BEYER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–08–0046.

Supreme Court of Wyoming.

Nov. 19, 2008.

---

Representing Appellant: Craig James Beyer, pro se.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham Macdonald Smith, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Craig Beyer appeals the denial of his motion to correct an illegal sentence. We affirm.

### ISSUE

[¶ 2] Mr. Beyer presents a single issue:

Did the district court abuse its discretion and impose an illegal sentence when it denied the Appellant credit for time served on probation in a court-ordered drug treatment program?

### FACTS

[¶ 3] On July 26, 2002, the State filed an information charging Mr. Beyer with one count of felony child abuse in violation of Wyo. Stat. Ann. § 6–2–503(b)(i) (LexisNexis 2001) and misdemeanor battery of a household member in violation of Wyo. Stat. Ann. § 6–2–501(b) and (e).[1] Pursuant to a plea

---

1. Wyo. Stat. Ann. § 6–2–503(b) states:

Except under circumstances constituting a violation of W.S. 6–2–502, a person is guilty of child abuse, a felony punishable by imprisonment for not more than five (5) years, if a person responsible for a child's welfare as defined in W.S. 14–3–202(a)(i) intentionally or recklessly inflicts upon a child under the age of eighteen (18) years:

    (i) Physical injury as defined in W.S. 14–3–202(a)(ii)(B), excluding reasonable corporal punishment.

Wyo. Stat. Ann. § 14–3–202(a)(ii)(B) (LexisNexis Supp.2002) states:

"Physical injury" means any harm to a child including but not limited to disfigurement, impairment of any bodily organ, skin bruising if greater in magnitude than minor bruising associated with reasonable corporal punishment, bleeding, burns, fracture of any bone, subdural hematoma or substantial malnutrition.

Wyo. Stat. Ann. § 6–2–501 states, in pertinent part:

    (b) A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another.

agreement, Mr. Beyer pled guilty to the charge of felony child abuse and the misdemeanor battery charge was dismissed. Also as part of the plea agreement, the State recommended a sentence of three to five years imprisonment, to be suspended in favor of six months in jail followed by five years of supervised probation. The district court entered a judgment and sentence in accordance with the recommendation. As part of the judgment and sentence, the district court imposed the following terms and conditions of probation:

XI. The Defendant shall not consume any intoxicants or controlled substances....

XII. The Defendant shall not be present at any place where alcohol is the main item for sale or distribution....

. . .

XIV. The Defendant shall undergo a substance-abuse evaluation at a licensed facility at Defendant's own expense, within 30 (thirty) days from the date of this hearing; ... the Defendant shall follow all recommendations of the evaluation....

[¶ 4] On July 3, 2003, the court entered a *Stipulated Order Releasing Defendant from Custody for House Arrest.* The stipulated order, as its title suggests, provided that Mr. Beyer was to be released from custody and placed on house arrest. It also provided "that all other conditions contained in the Judgment and Sentence ... shall continue in full force and effect." Scarcely a month later, on August 5, the State filed a petition to revoke Mr. Beyer's probation. The petition alleged that Mr. Beyer had consumed alcohol. Mr. Beyer admitted this allegation. The district court entered an order revoking Mr. Beyer's probation, revoked his house arrest status, and reimposed the remainder of the six month jail time. Mr. Beyer served this jail time without incident and was released on probation.

[¶ 5] On May 11, 2006, the State filed a second petition to revoke Mr. Beyer's probation. The State alleged that Mr. Beyer violated the probation conditions by drinking alcohol, and by purchasing alcohol from a bar and a package liquor store. Mr. Beyer admitted these violations. On June 26, 2006, the court entered an *Order of Probation Revocation.* In that order, the court imposed the original sentence of three to five years imprisonment. The order contained conflicting calculations of the credit Mr. Beyer was to receive for time served. One paragraph of the order stated that Mr. Beyer was entitled to 180 days of credit. Another stated that he was entitled to 297 days of credit. Several days later, the State filed a *Motion for Order Nunc Pro Tunc* to correct the order to reflect credit of 180 days. The district court granted this motion.

[¶ 6] On December 13, 2007, Mr. Beyer filed a *Motion for Correction of Illegal Sentence.* Accompanying that motion was an affidavit in which Mr. Beyer alleged that his probation officer ordered him to attend an inpatient substance abuse treatment program "under threat of revocation and an escape charge if [he] did not comply." Mr. Beyer also alleged that, during the time he was on probation, he spent 117 days "in treatment and/or the transitional phase of the treatment program." Mr. Beyer contended that the probation officer's ultimatum implicated *YellowBear v. State,* in which we stated that "[w]hen a probationer spends time at an alcoholism treatment facility as a condition of his probation, he is entitled to receive a credit for that time toward his sentence if a charge of escape from official detention will lie." 874 P.2d 241, 245 (Wyo.1994). The district court denied Mr. Beyer's motion on January 18, 2008, stating that "[t]here is no evidence in the file to suggest that Defendant should have been given credit for time served at [the treatment facility]." Mr. Beyer timely appealed.

. . .
(e) A household member as defined by W.S. 35–21–102 who is convicted upon a plea of guilty or no contest or found guilty of simple assault against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6–2–501(a), (b), (e) or (f), 6–2–502, 6–2–503, 6–2–504 or other substantially similar law of this or any other state, tribe or territory against any other household member, is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both.

## STANDARD OF REVIEW

[¶ 7] A sentence that does not include proper credit for presentence confinement is illegal. *Doolittle v. State*, 2007 WY 52, ¶ 18, 154 P.3d 350, 356 (Wyo.2007). Whether a sentence is illegal is a question of law, which we review *de novo. Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

## DISCUSSION

[¶ 8] Mr. Beyer, both in the district court and in this Court, accurately states that a probationer is entitled to credit for time spent in an inpatient alcohol treatment facility when a charge of escape will lie.[2] *YellowBear*, 874 P.2d at 245. He does not, however, correctly apply this rule of law to the facts in this case. Mr. Beyer asserts the following:

> In telling [Mr. Beyer] that he would be revoked and charged with escape, the Parole Officer made attendance and completion of the [treatment] Program a *de facto* condition of his probation, as well as an actual condition imposed in the Judgment and Sentence.

Mr. Beyer appears to reason that the probation officer's statement entitles him to credit for his time spent in the inpatient alcohol treatment program. We disagree.

[¶ 9] In *YellowBear*, we examined three separate periods of court-ordered treatment. *Id.* at 245–46. The district court's order regarding Mr. YellowBear's first period of treatment stated:

> **IT IS FURTHER ORDERED** that the Defendant shall not leave the treatment center except in the custody of the Fremont County Sheriff's Department, *and that the Defendant is considered to be in custody while at the program.*

*Id.* at 245 (emphasis added). When we considered this language, we determined that "[t]he district court's order defined a level of custody which was tantamount to confinement at the Fremont County Jail. The order contemplated that the custody would be at the level of official detention." *Id.*

[¶ 10] We arrived at the opposite conclusion for Mr. YellowBear's second and third treatment periods. The district court in *YellowBear* stated the following regarding the second period of treatment:

> Should you leave the [treatment] program without authority or be terminated before you complete treatment, the Fremont County Sheriff's office shall be notified immediately by the program and any peace officer locating you is hereby authorized and directed to detain you and keep you in jail or other suitable detention facility pending transportation back to the Fremont County Jail.

*Id.* at 246. Similarly, the court stated the following regarding the third treatment: "Mr. YellowBear should be released only to Community Alternatives of Casper upon the completion of his treatment program at Thunder Child Treatment Center." *Id.* We determined that the latter two provisions did not impose official detention upon Mr. YellowBear. Instead, they merely represented conditions of supervised probation. Accordingly, we held that he was not entitled to credit for those periods. *Id.*

[¶ 11] In this case, the provisions of the Judgment and Sentence more closely resemble those that we determined in *YellowBear* did not amount to official detention. Mr. Beyer was ordered to undergo a substance abuse evaluation that met certain requirements. He was further ordered to follow the recommendations of that evaluation. At no point did the district court order or suggest that Mr. Beyer would be subject to a charge of escape if he did not complete the required treatment. Neither did the district court's order "contemplate[ ] that the custody would be at the level of official detention." *Id.* at

---

**2.** "A person commits a crime if he escapes from official detention." Wyo. Stat. Ann. § 6–5–206(a).

"Official detention" means arrest, detention in a facility for custody of persons under charge or conviction of [a] crime or alleged or found to be delinquent, detention for extradition or deportation, or detention in any manner and in any place for law enforcement purposes. "Official detention" does not include supervision on probation or parole or constraint incidental to release on bail.

Wyo. Stat. Ann. § 6–5–201(a)(ii).

245. Unlike the first treatment period in *YellowBear*, Mr. Beyer was not cautioned by the court that he was "considered to be in custody while at the program." *Id.* At most, he was subject to revocation of his probation for failing to comply with that condition.

[¶ 12] The alleged statement by the probation officer that Mr. Beyer could be charged with escape does not impact our analysis. Mr. Beyer presents no authority for the proposition that the officer's statement imposes official detention for the purposes of the escape statute. In *YellowBear*, the district court's order imposed official detention. *Id.* We did not state or suggest that verbal statements by a probation officer have the same effect. Mr. Beyer is not entitled to credit against his sentence for the time he spent undergoing treatment.

[¶ 13] Affirmed.