# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 120

*October Term, A.D. 2019*

*December 4, 2019*

RONALD E. HOBACK,

**Appellant**
**(Defendant),**

**v.**                                                                   S-19-0193

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

## ORDER REVERSING, IN PART, ORDER ON PETITION FOR REVOCATION OF PROBATION

[¶ 1]  **This matter** came before the Court upon "Appellee's Stipulated Motion to Reverse and Remand," e-filed herein November 20, 2019.  After a careful review of the motion and the file, this Court finds as follows.  Appellant took this appeal to challenge the district court's "Order on Petition for Revocation of Probation."  This Court finds that order should be reversed in part and that this matter should be remanded to district court with instructions to award Appellant an additional 341 days of credit for time served.

[¶ 2]   In 2017, Appellant entered an unconditional guilty plea to one count of possession of a felony amount of methamphetamine.  Wyo.Stat.Ann. § 35-7-1031(c).  On December 14, 2017, the district court revoked Appellant's initial probation and imposed a split sentence pursuant to Wyo.Stat.Ann. § 7-13-107.  The district court imposed a three to five-year sentence, with credit for 111 days served.  That sentence was suspended in favor of one year in jail, to be followed by four years of supervised probation.  Also, the district court allowed Appellant to enter residential treatment.  The order stated Appellant "shall be allowed to apply for and enter into a residential treatment program, as recommended in your PSI, and if you successfully complete that program, the balance of your split sentence will be suspended."  Appellant subsequently spent time in jail and in residential treatment. Appellant completed residential treatment and was released from custody on November

19, 2018.  None of the district court's orders indicate Appellant was released from custody before then.  Appellant then entered the probationary term of his split sentence.

[¶ 3]   That probation was later revoked.  On August 1, 2019, the district court entered its "Order on Petition for Revocation of Probation."  The district court revoked Appellant's probation and imposed the three to five-year sentence, with credit for 120 days served. Appellant took this appeal to challenge that order.

[¶ 4]   In his only appellate issue, Appellant contends he should receive an additional 341 days of credit for time served, from the time the split sentence was imposed (December 14, 2017) through the time he was released from residential treatment/custody (November 19, 2018).  He contends he spent all that time in official detention, regardless of whether he was in jail or in residential treatment.  See Wyo.Stat.Ann. § 6-5-201(a)(ii).  The State of Wyoming agrees with Appellant and filed "Appellee's Stipulated Motion to Reverse and Remand."

[¶ 5]   This Court agrees that Appellant should receive additional credit for time served. As in *YellowBear v. State*, 874 P.2d 241, 245 (Wyo. 1994), the district court's orders here "defined a level of custody which was tantamount to confinement" at the Converse County jail.  Thus, Appellant is entitled to credit for time served on his split sentence in jail and in residential treatment.  This Court calculates the number of days to be 341.  It is, therefore,

[¶ 6]   **ORDERED** that the district court's August 1, 2019 "Order on Petition for Revocation of Probation" be, and hereby is, reversed in part; and it is further

[¶ 7]   **ORDERED** that this matter is remanded to the district court for that court to award Appellant an additional 341 days of credit for time served.

[¶ 8]   **DATED** this 4th day of December, 2019.

BY THE COURT:

/s/

**MICHAEL K. DAVIS**
**Chief Justice**